UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re Bestwall LLC,

No. 2:22-mc-00220-KJM-DB

ORDER

In this miscellaneous case, Bestwall LLC moves for an order determining that Dr. Dana Loomis cannot "claw back" a data file he produced in a related bankruptcy action. Loomis has not shown the file is privileged or otherwise protected against disclosure, so **Bestwall's motion is granted**, as explained below.

Bestwall has filed for bankruptcy protection, and its case is pending in North Carolina. *See generally In re Bestwall*, No. 17-31795 (W.D.N.C. filed Nov. 2, 2017). It faces claims that asbestos in its joint compound causes mesothelioma. *See* Order Authorizing Estimation of Current & Future Mesothelioma Claims, *In re Bestwall*, No. 17-31795 (W.D.N.C. Jan. 19, 2021), ECF No. 1577. Part of the bankruptcy case centers on research about exposures to different types of asbestos, which could help to estimate the costs of the claims Bestwall faces. *See* Bestwall Info. Br., *In re Bestwall*, No. 17-31795 (W.D.N.C. Nov. 2, 2017), ECF No. 12. Loomis, an epidemiologist, co-authored several studies investigating asbestos exposures among North Carolina textile workers. *See* Dana Loomis, et al., "Lung Cancer Mortality and Fibre Exposures Among North Carolina Asbestos Textile Workers," 66 Occupational Environmental Medicine

1

1  535–42 (Mar. 2009).  The Environmental Protection Agency (EPA) has relied on the conclusions
2  Loomis drew about asbestos exposures among four workers at a particular North Carolina plant,
3  and a group of claimants in the bankruptcy case has in turn relied on the EPA's assessment.  *See*
4  U.S. Env'tal Protection Agency, Risk Assessment for Asbestos 19 (Dec. 2020); Hr'g Tr. at 448,
5  *In re Bestwall*, No. 17-31795 (W.D.N.C. Jan. 22, 2021).

6  Bestwall could not obtain the detailed data it wanted from Loomis's published studies, so
7  it sent him a subpoena requesting his data.  *See* Therrian Decl. Ex. 1 at 10 (documents to be
8  produced).  He produced a data file without objection.  *See id.* Exs. 8–11 (correspondence and
9  responses); Loomis Dep., Req. Seal Ex. 1.  Two weeks later, during his deposition, he began
10  answering Bestwall's questions about that data.  Attorneys representing Loomis and an
11  association of claimants interposed objections.  *See* Loomis Dep. at 61–64.  The claimants'
12  counsel suggested the data might include enough information to deduce who the four workers
13  were.  *See id.* at 66.  How was unclear; the workers had long since passed away, and the data had
14  been anonymized.  *See id.* at 59–60.  Loomis's file did not include names, exact dates of births or
15  deaths, addresses, phone numbers, and other contact information.  *See id.*  His attorney
16  nevertheless instructed him not to answer any further questions.  *Id.* at 79.  The deposition was
17  paused.  *Id.* at 178–79.

18  Attempts to resolve this dispute informally proved unsuccessful.  Bestwall's counsel
19  demanded to know what privilege Loomis was relying on.  *See* Harris Letter (May 25, 2022),
20  Therrian Decl. Ex. 71.  Loomis's counsel cited guidelines published by the U.S. Centers for
21  Disease Control and Prevention.  *See* Bevis Letter (June 3, 2022), Therrian Decl. Ex. 8.  Bestwall
22  was unpersuaded.  It filed its current motion in this district, where Loomis now lives, and the
23  motion is fully briefed.  *See* Mot., ECF No. 1; Opp'n, ECF No. 16; Reply, ECF No. 23.  The
24  court took it under submission without a hearing.  Min. Order, ECF No. 25.

25  Loomis's attorney cited Federal Rule of Civil Procedure 26 when he asked Bestwall to
26  return and delete the data file, so the court starts with that rule.  *See* Bevis Email (May 24, 2022),
27  Therrian Decl. Ex. 6.  Rule 26 offers protections to the parties in a civil case.  *See* Fed. R. Civ. P.

26(b)(5).  Loomis is not a "party" to a civil case or to the bankruptcy case, so Rule 26 does not support his position.

Rule 45, however, does offer recourse to third parties who inadvertently disclose privileged information or "trial-preparation material" in response to a subpoena, and that rule applies to bankruptcy matters.  *See* Fed. R. Civ. P. 45(e)(2)(B); Fed. R. Bankr. P. 9016.  The court thus construes Loomis's reliance on Rule 26 as an invocation of Rule 45.  Loomis has not shown that the disputed data file is privileged, nor that it was created in preparation for trial.  These facts are his to prove, if he can.  *See, e.g.*, *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981); *AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc.*, No. 00-113, 2011 WL 6328708, at *3 (E.D. Cal. Dec. 15, 2011).  Because he has not, he cannot rely on Rule 45.

Unless some other statute or rule supports his position, Loomis cannot demand that Bestwall return or destroy the data file, and he must answer questions about it in a deposition.  Loomis offers two alternatives.

First, he cites regulations adopted under the Health Insurance Portability and Accountability Act of 1996, more commonly known as HIPAA.  *See* Opp'n at 4–7.  At the outset, nothing suggests these regulations create an evidentiary privilege or right against disclosure in litigation.  Loomis does not cite any provisions to show they do.  The regulations therefore cannot support his claim on their own or under Rule 45.  His arguments about these regulations are also unpersuasive on their own terms.  He has not shown, for example, that he is personally a "covered entity" subject to the HIPAA disclosure regulations.  *See, e.g.*, 45 C.F.R. § 164.103 (defining "covered entity").  Nor has he shown the regulations limit disclosures of the kind of public health data in dispute here.  *See, e.g.*, *id.* § 164.512(b)(1)(i), (2) (permitting certain disclosures to and by public health authorities).  Nor has he shown the information in the file is "personal health information" or "personally identifiable information" that might warrant closer scrutiny.  *See id.* § 164.512(i)(1)(i).  It is undisputed the data includes no names, addresses, phone numbers, exact birth or dates, social security numbers, or similar information.  *Cf.* 45 C.F.R. § 164.514(b)(2)(i) (explaining how data can be "de-identified" by removing specifics such as these).

Even if the regulations did come into force, the protections Loomis cites are more limited than he acknowledges. They are not prohibitions against disclosure in response to subpoenas; they are "guidelines" for approving research applications in the first instance. *See* Therrian Decl. Ex. 3 at 1, ¶ 1. Nor do the cited guidelines concern themselves with uses that might indirectly affect someone who has not been specifically identified. They describe uses "that may directly affect those particular individuals or establishments as a result of their specific identification in the study." *Id.* at 3, ¶ 1(b). Loomis does not claim and has not proven that the bankruptcy case will directly affect study participants. Nor has he shown how a particular person could be identified. *See id.* at 2, ¶ 3 (describing risk of identification through names, social security numbers, exact dates, addresses, and death certificate numbers—all absent from the disputed data file). He cannot rely on the cited regulations and guidelines.

Loomis next turns to the agreed protective order in the bankruptcy case. *See* Opp'n at 8–9. The protective order does not allow a person to withhold or "claw back" documents or prevent the parties from using those documents in the bankruptcy case. It allows a person to seek to prevent the public disclosure of evidence by designating it "confidential." *See, e.g.*, Agreed Protective Order ¶¶ A.8, C.4, *In re Bestwall*, No. 17-31795 (W.D.N.C. Mar. 26, 2018), ECF No. 337. Bestwall has in fact signaled its willingness to designate the data file under the agreed protective order. *See* Mem. at 22. The protective order does not support Loomis's position.

For these reasons, **Bestwall's motion is granted**: Bestwall is not obligated to return or destroy the data file; Loomis must comply with the deposition subpoena by appearing for deposition and answering Bestwall's questions about the data file; and Bestwall may use the information in the data file. This order does not, however, preclude any person from designating the data or related testimony as "confidential" under the terms of the agreed protective order in the bankruptcy case.

This order resolves ECF No. 1 and **closes this case**.

IT IS SO ORDERED.

DATED: September 6, 2022.

CHIEF UNITED STATES DISTRICT JUDGE